IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VICTOR WALTHOUR,<br><br>        Plaintiff,<br><br>v.<br><br>C. DARNELL JONES, II,<br><br>        Defendant. | CIVIL ACTION<br>NO. 16-1530 |

**OPINION**

**Slomsky, J.**                                                                                                                 **November 9, 2017**

       Plaintiff Victor Walthour brings this civil action against the Honorable C. Darnell Jones, II because he believes that Judge Jones violated his constitutional rights. Plaintiff's claims are based on the fact that Judge Jones dismissed a civil action filed by Plaintiff, Walthour v. Feldman, E.D. Pa. Civ. A. No. 15-6643. On May 16, 2016, Plaintiff filed a Motion to Remove the Complaint. (Doc. No. 2.) On May 23, 2016, Plaintiff's Motion was granted by Order of this Court, and the case was dismissed without prejudice. (Doc. No. 3.)

       On November 3, 2017, Plaintiff filed a Motion to Reopen the Complaint (Doc. No. 4) and a Motion that Any Request to Dismiss Be Denied (Doc. No. 5). The Motions (Doc. Nos. 4, 5) are before the Court for a decision. For the foregoing reasons, the Motion to Reopen the Complaint (Doc. No. 4) will be granted, but the Motion that Any Request to Dismiss Be Denied (Doc. No. 5) will be denied because Judge Jones has absolute immunity.

       Plaintiff, proceeding in forma pauperis, filed a Motion to Reopen the Complaint. (Doc. No. 4.) The Court will grant the Motion because the Court previously dismissed the Complaint without prejudice. (Doc. No. 3.) However, 28 U.S.C. § 1915(e)(2)(B)(i) requires the Court to

dismiss a Complaint if it is frivolous. A Complaint is frivolous if it "lacks an arguable basis either in law or in fact," Neitzke v. Williams, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." Deutsch v. United States, 67 F.3d 1080, 1085 (3d Cir. 1995). As Plaintiff is proceeding pro se, the Court construes his allegations liberally. Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011).

Judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, as long as they do not act in the complete absence of all jurisdiction. See Stump v. Sparkman, 435 U.S. 349, 355-56 (1978); Azubuko v. Royal, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam). As it is apparent that Plaintiff is suing Judge Jones based on Judge Jones's dismissal of his case, his claims are clearly barred by judicial immunity. Accordingly, Plaintiff's Complaint against Judge Jones is legally baseless. If Plaintiff was dissatisfied with Judge Jones's ruling, he was entitled to appeal to the Third Circuit Court of Appeals.

For the foregoing reasons, the Court will grant the Motion to Reopen the Complaint (Doc. No. 4), will deny the Motion that Any Request to Dismiss Be Denied (Doc. No. 5), and will dismiss the Complaint. Plaintiff will not be given leave to amend because he cannot cure the defects in his claims. An appropriate Order follows.